IN THE

## *SUPREME COURT OF JUDICATURE*

OF THE

## STATE OF NEW-YORK,

IN AUGUST TERM, IN THE THIRTY-THIRD YEAR
OF OUR INDEPENDENCE.

———

## Ruggles *against* Keeler.

THIS case came before the court on the return to a writ of error to the *Dutchess* common pleas. *Keeler* declared against *Ruggles* in the court below, on a promissory note given by *Ruggles* to *Keeler*, for 84 dollars and 34 cents, payable on demand, and dated the 4th *April*, 1803. There were also counts for money lent, money paid, and money had and received to the use of the plaintiff. *Connecticut*, and which, if sued for there, would be barred by the statute of limitations in that state, provided six years have not elapsed since the plaintiff came into this state. The *saving* in the statute of limitations extends to foreigners or those who have resided altogether out of the state, as well as to citizens of the state, who may be absent for a time. Courts in this state, in actions on foreign contracts, are not governed by the statutes of limitations in other states, where such contracts were made.

In an action of *assumpsit*, brought in this state, the defendant may set off demands against the plaintiff, arising when both parties resided in the state of

The defendant pleaded *non-assumpsit*, with notice that he would give in evidence that the note was, on the 28th *March*, 1806, assigned to one *Walker Lewis*, and that the said *Walker Lewis* was indebted to the defendant in the sum of 150 dollars, for work and labour, &c. and for goods sold, &c. and for money lent, &c. and for money had and received, &c. which sums the defendant would set off, &c.

On the trial, in *June*, 1807, the plaintiff below proved the note, which was payable to *Keeler*, but not expressed to be payable to his order. The defendant proved that the note had been sold to *Walker Lewis*, and was his property at the commencement of the suit, and that *Walker Lewis* was an inhabitant of the state of *Connecticut*: and that *Ruggles*, the defendant, had resided in this state since the 1st day of *April*, 1802, previous to which time he had always resided in *Connecticut*.— The defendant then offered to prove, that between *February*, 1796, and *March*, 1797, he had rendered services for *W. Lewis* to the value of 133 dollars, and that in *January*, 1797, he sold goods to him to the value of 68 dollars. But this was objected to, on the ground that it was more than six years since a right of action accrued to the defendant to recover these demands ; and it was shown, that by the statute of limitations of *Connecticut*, the defendant could not enforce those demands in that state after six years, and that those demands must be barred by the statute of limitations of *Connecticut*, and of this state. The court below decided that the evidence was inadmissible. A bill of exceptions was tendered to this opinion, and upon this bill of exceptions *Ruggles*, the defendant below, brought his writ of error to this court.

*P. Ruggles*, for the plaintiff in error. The evidence to show that *Lewis* was indebted to *Ruggles*, ought not to have been rejected. *Lewis* was an inhabitant of the state of *Connecticut*, and never resided in this state. By the proviso of the statute of limitations of this state,* where a debtor is out of the state, the right of the creditor to

* *Laws of N. Y.*
v. 1. p. 561.
sect. 5.

bring his action is saved, until six years after the return of the debtor to the state.

In the case of *Nash* v. *Tupper*,* it was expressly decided, that where parties were sued in this state, the court would not regard the statute of limitations. of another state where the contract was made, but would be governed by our own statute of limitations ; that the *lex loci contractus* applies only to the construction or interpretation of the contract, but that the remedy must be prosecuted according to the law of the country in which the action is brought. The same principle was recognised in the case of *Smith* v. *Spinolla*.† Agreeably to this principle, the supreme court of the state of *Massachusetts*, in the case of *Pearsall* v. *Dwight*,‡ decided that the statute of limitations of this state could not be pleaded in bar to an action on a promissory note, made in this state, brought in the state of *Massachusetts*, against the maker, who was an inhabitant of that state.

*J. Tallmadge* contra. As both parties resided out of the state at the time the contract was made, no *return* into this state could have been contemplated.§ The case does not come within the words of the *proviso* in our statute. If the doctrine contended for on the other side, be correct, many inconveniencies will arise; many antiquated demands will be revived and enforced. A debt which has become barred by the lapse of time limited by the statute of this state, might be recovered in *Connecticut*, where the statute of limitations is much longer, if the debtor should happen afterwards to go to that state, and be there arrested ; so that the operation of the statute of this state would, in many cases, be defeated. Again, the statute of limitations having begun to run in *Connecticut*, it will continue to run, notwithstanding the removal of the plaintiff into this state, and by the law of *Connecticut* the debt would have been barred ; the statute of *Connecticut*, therefore, may be pleaded in bar of the action here.¶

*Ruggles*, in reply. The arguments on the other side were urged in every possible shape, and at great length,

ALBANY,
A.    8.
Ruggles
v.
Keeler.

* 1 *Caines*, 402.

† 2 *Johns*. 198.

‡ 2 *Mass. Term Rep.* (*Tyng's*) 84.

§ 2 *Dallas*, 217.

¶ *Smith* v. *Hill*, 1 *Wilson*, 134.

ALBANY,
August, 1808.

Ruggles
v.
Keeler.

in the case of *Nash* v. *Tupper*. The only question is, whether, in a suit here, we are to be governed by the statute of *Connecticut*, or by our own law? If the court is to be governed by the statute of this state, then the plaintiff in error is clearly within the *proviso*, for the statute could not begin to run until he came within the jurisdiction of this state. The exception is general, and extends as well to foreigners or persons residing out of the state, as to natives who have gone abroad.*

* *Strithorst* v. *Greame*, 2 *Black.* 723.

KENT, Ch. J. delivered the opinion of the court. This case presents an important question arising under the rules of prescription which prevail in the different states. An inhabitant of *Connecticut* sues here upon a promissory note, and a demand arising between the parties, while they were respectively inhabitants of *Connecticut*, is now offered by way of set-off. This demand is objected to, as barred by the statute of limitations of *Connecticut*, as well as of this state.

The first question which naturally arises is, whether the act of limitations of this state can be interposed in bar to the matters contained in the set-off.

The act requires, that all actions founded upon any contract, without specialty, shall be brought within six years next after the cause of action accrued. These words would, undoubtedly, unless controuled by the exception in the statute, apply even to the case of foreigners, and to causes of action arising abroad. The statute of 21 *Jac.* I. was so understood by Lord Ch. *Cowper*, in the case of *Duplein* v. *De Rover*, (2 *Vern.* 540.) which arose shortly before the statute of *Anne*, and he observed, that " it was plausible and reasonable; that the statute of limitations should not take place, nor the six years be running, until the parties came within the cognisance of the laws of *England*; but that must be left to the legislature." But a proviso in the statute of *Anne*, and which we have adopted in our act of limitations, saves the operation of the statute, if the party shall be " out of the state," at the time the cause of action arises against him,

and the statute does not begin to run until " after the re- ALBANY, turn" of the defendant. Whether the defendant be a August, 1808. resident of this state, and only absent for a time, or whe- Ruggles ther he resides altogether out of the state, is immaterial. v. Keeler. He is equally within the proviso. If the cause of action arose out of the state, it is sufficient to save the statute from running in favour of the party to be charged, until he comes within our jurisdiction. This has been the uniform construction of the *English* statutes, which also speak of *the return* from beyond seas of the party so absent. The word *return* has never been construed to confine the proviso to *Englishmen*, who went abroad occasionally. The exception has been considered as general, and extending equally to foreigners who reside always abroad. This was evidently the opinion of Lord *Talbot*, in the case of *Duplein* v. *De Rover*. In *Strithorst* v. *Greame*, (*3 Wils.* 145. 2 *Black. Rep.* 723. S. *C.*) the point was so ruled by the court of *C. B.* in *England.*

The party to be charged by the set-off not having been six years within this state, since the cause of action arose, our statute of limitations could not, therefore, be replied to the plea.

The next question is, upon the *Connecticut* statute of limitations.

In *Nash* v. *Tupper*, this court determined that we were bound to confine ourselves to our own statute of limitations, and could not regard that of any other state. The question arose there upon a replication to the usual plea of *non-assumpsit infra sex annos*. The replication stated, that the cause of action arose in *Connecticut*, and that the demand was not barred by the act of limitations of that state, and upon demurrer, this replication was held ill: And whether we consider the question upon principle or authority, I am satisfied that the decision in that case was correct. The general doctrine which we there recognised, goes far towards settling the present question. A foreign statute of limitations can no more be pleaded to a suit instituted here, than it can be replied to a plea under our

ALBANY,
August, 1808.

Ruggles
v.
Keeler.

statute. Statutes of limitations are municipal regulations, founded on local policy, which have no coercive authority abroad, and with which foreign or independent governments have no concern. The *lex loci* applies only to the validity or interpretation of contracts, and not to the time, mode, or extent of the remedy. Suppose *Ruggles* had sued *Lewis* upon the account attempted to be set off in the court below, the defendant could not have interposed the statute of limitations of *Connecticut* by way of plea; and the rule is the same whether the foreign statute be interposed against the demand of the plaintiff or the set-off of the defendant. It was stated upon the argument as a plausible objection to the rule, that stale demands might, in this way, be revived and enforced against persons who happen to be found in this state, and have not resided here long enough to be protected by the statute of limitations of this state.

The answer is, that a presumption of payment will undoubtedly attach to stale demands. When this presumption is to be let in, will depend upon the age and nature of the demand, and the special circumstances under which it may present itself. We do not at present undertake to lay down any precise rule on the subject. It is sufficient to observe, that this presumption of payment must, as a matter of evidence, be left in each case to be raised or repelled by the respective parties, and, in this way, any serious inconvenience from the revival of dormant claims, will be avoided.

In the present case, the court below rejected the evidence of the set-off, and their decision was, therefore, erroneous, and must be reversed.

THOMPSON, J. and YATES, J. not having heard the argument in the cause, gave no opinion.

Judgment reversed.