The opinion of the Court was delivered by,
Sedgwick, J.
The question in this case arises on the statute lot the limitation of personal actions.
The action is on several promissory notes. The defendant pleads non assumpsit infra sex anuos. The replication alleges, in substance, that, at the time the cause of action accrued, the defendant was without the limits of this commonwealth ; that he had left therein no property or estate that could, by the ordinary process of law, be attached ; and that he did not return into the commonwealth until six years before the commencement of the action. The rejoinder alleges, in substance, that the defendant did not “ return ” into the commonwealth, not having been an inhabitant thereof; but an inhabitant of another state. To this there is a general demurrer and joinder. The question is, whether the period of limitation commenced previous to the defendant’s coming into the state.
I do not think that the legal presumption, in relation to a statute of limitations, is, that the debt has been paid, if there be no evidence of its existence within the period of limitation ; but that the law, from considerations of public policy, had provided that such debts shall not be recoverable in courts of law ; laying out of the question any consideration whether the debt be or be not paid.
On the one hand, it is the duty of one who promises another, to fulfil his engagement, and for that purpose to resort to him ; on the other, it is not the duty of the creditor to look after his debtor.
The counsel for the plaintiff makes two points — 1. That the statute would not bár this action, if there was not the exception, within the provision of which it was intended, by the replication, to bring this case ; and, 2. That it is within that exception.
*434 [*518] *1. It might not, perhaps, be unreasonable to suppose it was the intention of the statute, even without the clause relied upon, that the period of limitation should not commence until it was in the power of the plaintiff to enforce payment within this jurisdiction. But upon this point the Court give no positive opinion; because,
2. We all think the case comes clearly within the exception. The replication states the very case, in all its parts expressed in the act to constitute an exception. The defendant was without the limits of the commonwealth, nor did he leave any property within it, that could be attached.
But it is said that by the words “ leave ” and “ return, ” used in the act, it is evident that the legislature intended to confine the exception to inhabitants of the commonwealth. We all, however, think it a much more reasonable construction that the exception was intended as general, and comprehending all persons who are without the commonwealth, and have not attachable property within it, so that the statute shall not begin to run, until the defendant is, either by his person or property, subject to original process.

Rejoinder adjudged bad.