*239 The opinion of the Court was delivered by
Tilghman C. J.
Two reasons are given for the rejection of this evidence. 1. That the defendant having accepted a lease, was estopped from controverting the title of his landlord. 2. That the defendant having confessed judgment in Dewitt’s ejectment, and possession having been actually delivered to Philip Heermans, who afterwards conveyed to the plaintiff, the continuity of the defendant’s possession was broken, and therefore his title under the act of limitations was destroyed.
1. If the Court perceive, that the evidence offered is not relevant, they have a right to reject it; because, if given, it might perplex the jury, and it could answer no good purpose, as the Court would be bound to instruct the jury, that in point of law it was of no avail. If, therefore, it had been clear that the defendant had accepted a lease from Heermans of the whole tract in dispute, the evidence offered by the defendant might have been rejected as irrelevant, because, the law is settled, that a man who has accepted a lease must deliver up the possession to his landlord, and shall not be permitted to controvert his title in an ejectment. But in this case, the defendant had accepted a lease for only a very small part of the disputed land j not much more than a single acre out of 400 acres. The rule of law, therefore, would not attach as to the land which was out of the lease, and as to that which was within it, the defendant does not pretend to controvert the plaintiff’s title. But the plaintiff’s counsel now say, that although no more than a small part was included in the lease, yet the defendant occupied the residue of the tract, by permission of the plaintiff. Possibly it may be so, and in that case, the defendant would be estopped from controverting the title; but certainly that is a fact by no means clearly appearing; it is not matter of law, and therefore the defendant had a right to insist on its being decided by the jury. All that the Court could do, would be to instruct the jury what the law wás, in case the jury should find, that the whole tract was occupied by permission of the plaintiff, or of Heermans under whom he claimed.
2. A judgment in an ejectment is evidence, but not conclusive evidence of title, in a second ejectment for the same land, between the same parties. The reason of its not being conclusive, arises from the form of the proceedings. A different title *240 is set forth in the second action from that in which the plain- ' tiff recovered in the first. But the plaintiff ’s counsel rely on the circumstance of Dewitt’s judgment being entered by confession. That is immaterial. A judgment by confession has no more efficacy than a judgment by default, or on a verdict. This was decided by us, here, at the last June Term, in the case of Steinmetz’s lessee v. Farley. Let us consider then, the force of the other reason urged by the plaintiff; that the possession having been delivered to the plaintiff by virtue of a recovery in a court of justice, the act of limitations was thereby avoided, because the continuity of the defendant’s possession was broken. If the continuity of possession had been broken, before the expiration of 21 years, the period required to give effect to our afct of limitations, the argument would have been good. An entry within the 21 years, destroys the efficacy of all prior possession, so that to gain a title under the act of limitations, a new adverse possession for 21 years must be had. But in the case under consideration, the defendant offered to prove, that he had adverse possession for more than 21 years, before the commencement of the former ejectment. If he had proved this, it would 'have constituted a title sufficient to recover. For the right of possession is acquired by 21 years possession, and this right is not only sufficient to support a defence, but is a positive title, underjwhich one may recover as plaintiff in ejectment. This was the very point decided in Stokes v. Berry, 1 Salk. 421. Why then was not the defendant’s evidence received ? The judgment in Dewitt’s ejectment was no bar to this evidence, although it might have been used by the plaintiff as evidence contradictory to the defendant’s title by the act of limitations. There have been two decisions in the Supreme Court of New York, very applicable to the present subject, which strengthen the opinion I had formed in considering this case upon principle. In Jackson v. Haviland, 13 Johns. 229, the case was, that A, obtained judgment by default in an ejectment against B, but did not take possession. Having suffered the term laid in the declaration to expire, and the possession of the defendant being continued without interruption, so that the whole time, in-eluding that which elapsed after the judgment, amounted to 20 years, it was held that B, might defend himself under the statute of limitations against a second ejectment, although *241 A's right of entry was established by the judgment, and he might lawfully have entered without a writ of possession. In the other case, (Jackson v. Dieffendorf, &c. 3 Johns. 267,) the plaintiff obtained judgment by default in ejectment, and afterwards took possession by virtue of the judgment. The defendant then brought his ejectment against the former plaintiff, and it was decided, that he might recover on proving 20 years adverse possession prior to the commencement of the first ejectment. Now the same title which is sufficient for a man to recover on, must certainly be sufficient to defend himself by. The defendant in the present case should, •therefore, have been permitted to give the evidence which he offered. I am of opinion that the judgment should be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.