*427 The Chief Justice delivered the opinion of the court.
This cause comes before us on a writ of error to the Court of Common Pleas of the county of Essex, on a judgment rendered upon demurrer in favor of the defendant below, now also the defendant in error.
The action was brought on a promissory note drawn by the defendant in favor of Peter Jackson or order, and by him endorsed to the plaintiffs, payable eighty days after date, at the Newark Banking and Insurance Company, and dated at Paterson on the 10th day of April, 1816. The defendant pleaded that the cause of action did not accrue within six years next before the commencement of the suit. The plaintiffs replied that the defendant before and at the time the cause of action accrued to the plaintiffs, was out of the state of New Jersey, to wit, in the state of New York, and that the defendant hath not been resident in the state of New Jersey for the term of six years, nor for so great a term as six years since the cause of action accrued and before the commencement of the suit. The defendant demurred.
By the first section of our statute of limitations, Rev. Laws 410, the action of the plaintiff, as set out in the declaration, is required *to be commenced within six [*361 years next after the cause of such action shall have accrued, and not after. By a supplement enacted on the 21st February, 1820, Rev. Laws 670, it is provided, that if any person or persons against whom there is or shall be any such cause of action, as is specified in the first and some other sections of the principal act, shall not be resident in this state when the cause of action accrues, or shall remove from this state after the same shall accrue, and before the time of limitation, mentioned in the said sections, is expired; then the time or times during which such persons shall not reside in this state, shall not be computed as part of the said limited period within which such action or actions are required to be brought; but the person having, or who may *428 have, such cause of action, shall be entitled to all the time mentioned in the said' several sections exclusive of the time or times during which the person or persons liable to such actions shall not be resident in this state.
To what cases does this supplement apply ? What persons are thereby precluded from the operation of the first section of the original act and of the limitation it contains ? In respect to what persons is the time they shall not reside in the state to be computed as no part of the limited period ? Against whom shall the persons having cause of action be entitled to all the time mentioned in the first section ? The supplement describes two classes of persons; first, those who are not resident in the state when the cause of action accrues; second, those who remove from the state after the cause of action accrues and before the time of limitation expires. To entitle a plaintiff by reply, to avail himself of the benefit of this supplement, and thereby to save his remedy from the limitation and bar of the principal statute, he must in his replication shew his case to be within the purview of the supplement; he must shew the defendant to belong to one or the other of these classes ; he must aver the facts which constitute the description of the one or the other of them. The extension of time in favor of the plaintiff is upon contingency. If the person agaiust whom there is cause of action be not resident in the state when it accrues, or if such person shall, after the accrual, remove from the state, then the period of non-residence shall not be computed. The length of time is prima facie a bar. The party suing must *362] shew the facts which form the existence of the Contingency on which he is entitled to greater time, and to be protected from the bar. In the replication before us, the plaintiffs allege that the defendant was out of the state when the cause of action accrued. To be out of the state, and to be not resident in the state, are essentially different predicaments. A person may be out of the state and yet resident in the state. His house, his family, his place of business, *429 his business in progress, may be all within the state, and yet when the day of payment of his note arrives, he may be out of the state for a month or even for a much greater time. Process may, nevertheless, be served here; and the statute was manifestly designed to apply and operate only in cases where process could not bo served. To such only do the reason and motive of the statute extend. In Ruggles v. Keeler, 3 John. 267, C. J. Kent contradistinguishes him who is a resideut of the state and only absent for a time, and him who resides altogether out of the state. Taking then the facts alleged in the replication to be true, the plaintiffs have not thereby made a case entitling them to the extension of time afforded by the supplement. The replication is defective. The demurrer was well taken. It is unnecessary for us, therefore, to examine or decide the other important questions proposed by the defendant’s counsel, whether the statute was intended to operate on antecedent contracts ; and if so, whether it is consistent with the constitution of the United States.
Let the judgment be affirmed.