## BRUCE *et. al. v.* LUCK.

Where the statute of limitation is pleaded in bar to an action, a replication, resting upon the facts, that the plaintiff was a non-resident, and that the contract was made in another state, is demurrable.

### *Appeal from Dubuque District Court.*

*Opinion by* GREENE, J.  This suit was commenced by Thomas Bruce and others, against L. P. Luck, on the transcript of a judgment, rendered by a justice of the peace, on a promissory note, in the state of Missouri, in 1834. The defendant pleaded the statute of limitations of 1843. To this the plaintiffs replied, that they and the defendant were not residents of this state at the time the note was made, and that although the defendant had been for many years a citizen of Iowa, still they, the plaintiffs, had continued to reside in Missouri; that said note and judgment had not been subject to the laws of Iowa until the commencement of this suit; and that therefore their right of action ought not to be barred by defendant's plea. Defendant's demurrer to this replication was sustained, and judgment rendered in his favor. On this ruling, errors are assigned.

It is objected that the statute of limitations is not applicable to foreign contracts or notes, and non-resident plaintiffs. If the laws of other states are to prevail over the remedial statutes of our own state,—if the law of the place where the contract was made is to govern in all matters affecting the remedy, there would be good reason for this objection.

The doctrine seems to be settled beyond controversy, that the *lex fori* must prevail in all matters merely remedial. In this connection, no rule is better settled than that the statute of limitations of the state in which the action is brought, is to prevail; and not that of the state in which the contract was made. *Hawkins* v. *Barney*, 5 Peters,

Karrick v. Pratt,

457 ; *McElmagle* v. *Cohen*, 13 ib., 312 ; *Ward* v. *Hallam*, 2 Dallas, 217 ; *Richards* v. *Bickley*, 13 Serg't & Rawle, 395 ; *Leroy* v. *Crownenshield*, 2 Mason, 151 ; *Nash* v. *Tupper*, 1 Cains., 403 ; *Lincoln* v. *Battelle*, 6 Wend., 475 ; *Ruggles* v. *Keeler*, 3 John., 263 ; *Bissell* v. *Hall*, 11 ib., 168 ; *Cartier* v. *Paige*, 8 Ver., 150 ; *Hinton* v. *Towns*, 1 Hill, (S. C.,) 439 ; *Graves* v. *Graves*, 2 Bibb, 207 ; *Egberts* v. *Dibble*, 3 McLean, 86.

It is not pretended that the defendant in this case was not a resident of the state from the time the statute commenced to run, until the limitation had expired. The replication rested entirely upon the facts that the plaintiff had been a non-resident during that time, and that the contract was made in another state. So far as those facts are concerned, we are fully confirmed in the opinion that they can not remove this case from the effect of the statute.

Judgment affirmed.

*Hempstead & Burt*, for appellant.

*L. A. Thomas*, for appellee.