In Special Term—April 1855. STORER, J. presiding.

### GIBBONS *vs.* EWELL.

The disability as to absent debtors, in Statutes of Limitation, applies as well to those who resided in the State, when the contract was made, and have afterwards removed, as to those who have never resided in the State.

A return to the State, where the contract was made by the debtor, after the day for its performance has arrived, must be an open and public return; so notorious

that creditor may have the opportunity to bring his suit against the debtor. A temporary return, for temporary purposes only, without the knowledge of the creditor, or without giving him the means of knowing it, and allowing him also a reasonable opportunity to assert his claim and enforce it by suit if necessary, is not sufficient.

STORER, J.

The plaintiff claims judgment on a note made by defendant, dated Baltimore, May 13th, 1842, payable six months after date to order of Franklin Gardner for $125. The answer avers, that the note was made and delivered by defendant to Gardner, the payee in Baltimore, Maryland; that the plaintiff and the payee then resided in Baltimore, and the defendant resided in Virginia; that by a Statute of Maryland, passed in 1715, and which has ever since been in force in the State, actions upon simple contracts are barred if not brought within three years after the action accrues; that by another Statute passed in 1765, which is still in force, it was provided that if the debtor at the time the action accrued was absent from the State, he should have no benefit of the first mentioned act; provided the creditor should commence or prosecute his action, after the presence of the debtor within the State within the time or times limited by the act for the prosecution of the claim.

The defendant further avers, that after the note became due, to wit, in December 1842, and at divers other times, he was in the State of Maryland, and more than three years has elapsed since he was in said State.

On referring to the Statutes of Maryland, 1 *Dorsey* 35, 109, we find the language is substantially the same as that which is embodied in the defendant's answer. And if the plaintiff is barred from recovery by the law of that State, under the § 22 of our Code he is barred also in Ohio.

The defendant has been examined as a witness under the Code, and states among other things, that to the best of his recollection, he was in Baltimore in December 1842, and had several conversations with the payee of the note. That at the time he made the note he lived in Accomac County, Va, where he resided until he removed to Illinois in 1844; that he never resided in Maryland, though he was frequently there, on the Eastern shore, some seventy or eighty miles from Baltimore; at none of these visits was the payee or plaintiff in that part of the State, though the defendant believes his visits must have been known to Gardner. There is no evidence as to the time Gardner indorsed the note to Gibbons, and the presumption of law is that it was indorsed before it became due.

On these facts we are asked to render judgment for defendant.

Although the defendant was not a resident of Maryland when he gave the note, he was nevertheless within the State at the time, and must be regarded as having such a temporary residence, as would bring his subsequent absence within the meaning of the Statute of 1765. The contract was to be performed in Maryland, and must have been made in reference to the law then in force; the debtor was absent from the State when the note became due, and was therefore within the practical operation of the law. On this point there could be no difference between the situation of a debtor temporarily in the State, when the contract was made, and absent when it should be performed by its terms, and that of a permanent resident. The reason of this provision is the same in both cases, 3 *Johns.* 263, Ruggles *v.* Keeler; 16 *Pick.* 359, Little *vs.* Blunt; 7 *Mass.* 515, Dwight *vs.* Clark; Horton *vs.* Horner, 16

Ohio 145,147. The Statutes of 1715 and 1765 did not then begin to run as against the holder of the note in this case, until the return of the debtor to Maryland, 3 *Gill & Johns.* 158, Hysinger *vs.* Baltzell. If the debtor should return, it must be such a return, as from its publicity may furnish to the creditor a knowledge of the fact or the means of knowledge. The creditor must have opportunity to issue process. A feint presence in the State in some distant section of it, or a transient visit, affording no time to the creditor to institute process, cannot fulfill the requirement of the Statute; *Angell on Limitations* §206. Fowler *vs.* Hunt, 10 *Johns.* 464; Byrne *vs.* Crowningshield 1 *Pick.* 263; Little *vs.* Blunt, 16 *Pick.* 364; Dwight *vs.* Clark, 7 *Mass.* 515; Sullenberger *vs.* Gest & Mills, 14 *Ohio* 204.

If we look to the decisions of the Maryland Courts, we shall find the construction given to the law of 1765 is in harmony with this general rule.

Thus in 3 *Gill & Johnson* 158, already referred to, Judge Martin, in delivering the opinion of the Court, held that the Statutes of 1715 and 1765 "were to be taken together, and receive a construction to carry into effect the plain and obvious intentions of the legislature. Taking the case within the Act of 1765, the presence of the debtor in the State must be such as to enable the creditor to avail himself of it: a secret, concealed, clandestine presence for any length of time, of which the creditor could not take advantage, would not be sufficient: it must be so public and under such circumstances, as to give the creditor an opportunity, by the use of ordinary diligence and due means, to arrest the debtor.

We cannot hold the temporary visits of the defen-

dant, to the eastern shore of Maryland, to be such a return as the Statute contemplated. We are not satisfied the creditor knew the fact, or if he did, that he could serve the debtor with process. As the return was but for a temporary purpose, the stay might have been temporary also, and the pending of the suit, when the writ could not be served, would be a vain act.

As to the return in December 1842, we are not satisfied that the defendant was in Baltimore at the time he states; he is very uncertain in his recollection, placing his knowledge upon mere belief, and giving reason to suspect, that as he was never in Baltimore afterwards, that he was not actually there, at the time he states. The presumption is that he was not, and that he is mistaken in the date.

Besides, it is not proved who held the note at the time it became due, whether it was Gardner or the plaintiff; if the latter, he certainly had no knowledge of any of the several alleged returns of the debtor to Maryland, and cannot be affected by them, if they are even truly stated.

On the whole, we do not think the defence is entitled to any favor. The debtor has been indulged more than twelve years by his creditor, without being pressed for payment. The debt is admitted to be unpaid, though the defendant testified on cross examination, it was not due, " according to the laws of Maryland." He has no other defence to make, he has been deprived of none by the delay, and we think justice requires that we hold the note to be due according " to the law of Ohio," and we shall thus enforce the moral law also.

Judgment for plaintiff.

R. D. & J. H. HANDY for plaintiff.

MILLS & HOADLY for defendant.