Carpenter *v.* Wells.

———————

CARPENTER and others *vs.* WELLS and others.

The section of the statute of limitations (2 *R. S.* 297, § 27) which provides that if, at the time when a cause of action accrues against any person, he shall be out of this state, the action may be commenced within six years after his *return* into the state, is applicable as well to non-residents, as to citizens going out of the state.

Therefore, where a note is made in the state of Massachusetts, by citizens of that state, payable to residents of this state, the statute of limitations will not commence running against the demand until the makers come into this state.

In an action here, upon such a demand, the defendants cannot avail themselves of the Massachusetts statute of limitations.

THIS was an action upon a promissory note, bearing date at Adams, in the state of Massachusetts, on the 13th of July, 1839, signed by the defendants under the firm name of Wells, Kingsley & Co., and payable to the plaintiffs, by the name of E. Carpenter & Co. six months after date, at the Adams Bank, for $197.86. On the 9th of July, 1840, there was indorsed on the note $103. The defense was payment and the statute of limitations. The action was tried at the Rensselaer circuit, in October, 1853, before Mr. Justice WRIGHT, without a jury. Upon the trial it appeared that the defendants had never resided in this state. The court upon these facts rendered judgment for the balance of the note with interest. From this judgment the defendants appealed

*J. K. Porter*, for the plaintiffs.

*R. S. Parmenter*, for the defendants.

*By the Court*, HARRIS, J. The only question in this case is, whether the plaintiffs' demand was barred by the statute of limitations. The defendants, when the plaintiffs' cause of action accrued, were out of the state. The statute declares that in such a case, the action may be brought within six years after their *return* into the state. (2 *R. S.* 297, § 27.) It is well settled that this provision is applicable as well to non-residents as to citizens going out of the state. (*Ruggles* v. *Keeler*, 3 *John.* 263. *Cole* v. *Jessup*, 2 *Barb.* 309.) This being so, the statute of limitations of this state never commenced to run against the plaintiffs' demand, for it is not pretended that the defendants ever came into this state until the time when this action was commenced.

It was not pretended that the defendants could avail themselves of the Massachusetts statute of limitations, in this action. " Statutes of limitations," says Kent, Ch. J., in *Ruggles* v. *Keeler*, above cited, " are municipal regulations, founded on local policy, which have no coercive authority abroad, and with which foreign or independent governments have no concern.

Carpenter v. Wells.

The *lex loci* applies only to the validity or interpretation of contracts, and not to the time, mode or extent of the remedy." It is, I admit, a very serious objection to this doctrine, that, as in this very case, antiquated demands may be revived and enforced, when the party happens to be found in some state where the statute of limitations is not available. But the consideration of this objection belongs to the legislature rather than to courts. It was held in this state as early as 1795, that our courts were bound to confine themselves to our own statute of limitations, and could not regard those of other states. (*See Nash* v. *Tupper*, 1 *Caines*, 402.)

It appeared upon the trial, that soon after the note in question became due, the holders received from the defendants as collateral security for the payment of the note, a new note which purported to have been indorsed by the father of the defendant Wells, for $200. Subsequently the plaintiffs gave up the latter note to an agent of the defendants, upon receiving fifty per cent thereof, which was indorsed upon the original note. There is no ground, in fact, to support the position of the defendants that the plaintiffs had disposed of the collateral security to a third person. The proof is that the indorsed note was delivered to Penniman for the defendant Wells. There was no error committed upon the trial, and the judgment should be affirmed.

[ALBANY GENERAL TERM, May 7, 1855. *Parker, Wright* and *Harris*, Justices.]