## GANS and others *vs.* FRANK and others.

The rule as to contracts is that the *lex loci contractus* governs, as to the nature, validity, construction and effect of the contract, and the *lex fori* as to the remedy.

The application of this rule will dispose of any defense arising upon a statute of limitations of a foreign state, where such statute only prohibits the bringing of an action after the time limited, in such state.    The statute has no effect out of the state, and is not violated by bringing an action in another state or country.

Where the judge found that the defendant passed through this state more than six years before commencement of the action, but was only here temporarily, and that all the defendants had resided in Pennsylvania since the cause of action accrued; *Held* that the action was not barred by our statute of limitations.

If the debtor comes into this state before process is served on him, and he leaves the state, to reside elsewhere, the statute is not a bar until, after deducting all the time of residing abroad, the debtor has been in this state for six years.

Whether the absence is repeated, or is one continued absence, is immaterial. There must be full six years spent in this state, to make our statute of limitations a bar

APPEAL from a judgment entered at the circuit, after a trial before the court without a jury.

The complaint was for goods sold and delivered to the defendants by a firm of which the plaintiffs are the surviving

Gans *v.* Frank.

partners. The answer set up as a first defense, that the cause of action did not accrue within six years before the commencement of this action; as a second defense, a defect of parties plaintiff; that the personal representatives of Joseph Schôneman, the deceased partner, were partners with the plaintiff at the time of the sale, and were not made parties hereto; and as a third defense, that at the time of the sale, and for six years after the debt accrued, the parties hereto resided in Pennsylvania, where the sale was made; that by the laws of that state, no action on book account can be brought after six years after the debt has accrued, and also that when the cause of action accrued, the defendant N. Frank was not a resident of this state, or within it; that he afterwards returned into this state, and that this action was not commenced within six years after such return.

The action was tried at the New York circuit. The justice who tried the same, found the following facts: That the goods and merchandise were sold at the time, and for the prices alleged in the complaint, by the firm of Schôneman, Gans & Co., to the defendants; that the defendants received the same, and promised to pay therefor to said firm the said sum, at the times alleged in the complaint; that after the sales, and before the commencement of this action, Joseph Schôneman, one of the firm of Schôneman, Gans & Co., died, leaving the plaintiffs his survivors; that no part of said money has been paid; that the goods were sold and delivered to the defendants more than six years previous to the commencement of this action, in the state of Pennsylvania, where the members of said firm of Schôneman, Gans & Co. and and where said defendants resided, and that all of said parties have ever since resided in said state, except said Schôneman, deceased, and that none of the plaintiffs or the defendants have ever resided in this state or carried on business here; that by the laws of said state of Pennsylvania, no action can be commenced therein after six years after the maturity of a debt due on book account; and he further found that the defend-

ant N. Frank passed through this state more than six years before the commencement of this action, and after said account was due, but was only here temporarily.

And as matter of law, he found that this action was barred by the statute of limitations of said state of Pennsylvania, and that the defendants were entitled to a judgment of dismissal, with costs.

Judgment of dismissal being entered, the plaintiffs appealed.

*Birney & Prentiss,* for the appellants.

*Mott, Murray & Harris,* for the defendants.

*By the Court,* INGRAHAM, P. J.   The facts found in this case were these: a sale of goods by the plaintiffs to the defendant; that the sale was more than six years previous to the commencement of the action; that all of the parties, then and ever since, resided in Pennsylvania, except one, who is deceased; that by the laws of the state, no action can be commenced, in Pennsylvania, after six years after the maturity of the debt due, on book accounts; and that the defendant N. Frank passed through this state more than six years before the commencement of this action.   The defense was the statute of limitations, and the judge found the debt was barred by the statute of Pennsylvania.

So far as relates to the statute of limitations of the state of Pennsylvania, I am of the opinion that the statute is not a bar.   The respondents do not rely on it as such, in their points.   The rule as to contracts is that the *lex loci contractus* governs as to the nature, validity, construction and effect of the contract, and the *lex fori* as to the remedy.   The application of this rule disposes of any defense arising upon a statute of limitations of a foreign state, where such statute only prohibits the bringing of an action after the time limited in such state.   The statute has no effect out of the state, and is not violated by bringing an action in another state or

country. If the provisions of the law rendered the contract void, or terminated it in any way, a different rule might be applicable.

This question was before the court in *Lincoln v. Battelle,* (6 *Wend.* 475.) Ch. J. Savage says, at page 485, "It is well settled that a statute of limitations affects only the remedy, and not the validity of the contract." He also adds, Mr. Justice Story, after saying if the question was new he would adopt a different rule, "admits the law to be otherwise, and decided that a plea of the statute of limitations of the state where the contract is made is no bar to a suit brought in a foreign tribunal to enforce the contract."

The other question is whether the action is barred by the statute of this state. The finding is that the defendant N. Frank passed through the state more than six years before the commencement of the action, but was only here temporarily, and that all the defendants have resided in Pennsylvania since the cause of action accrued. These facts show that the statute had not barred the action.

If the defendant Frank had not come into the state before the time when process was served upon him, the statute provided that the limitation should commence from that time. Or, if he came before, and left the state, to reside elsewhere, then the statute is not a bar until, after deducting all the time of residing abroad, the debtor has been in the state for six years. Whether the absence is repeated, or is one continued absence, is immaterial. Under the decisions, there must be full six years spent in the state to make the statute a bar. (*Berrien v. Wright,* 26 *Barb.* 208. *Wheeler v. Webster,* 1 *E. D. Smith,* 1. *Harden v. Palmer,* 2 *id.* 172.)

The defendant was not in the state when the cause of action accrued. He never resided here. The statute did not commence to run until the defendant came into the state. That was the time of his passing through the state. As that was temporary, and he continued to reside in Pennsylvania,

there is no evidence to sustain a finding that the statute was a bar.

In either view of the case, I think the exception to the decision of the court was well taken. A new trial must be ordered; costs to abide the event.

[NEW YORK GENERAL TERM, February 3, 1862. *Ingraham, Leonard* and *Clerke,* Justices.]