SALLY MURRAY, Administratrix, etc., Respondent, *v.* ZERA W. FISHER, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1871.)

The statute of limitations of this State is applicable to a contract made in a foreign State.

Where the maker and payee of a note made in Pennsylvania, resided there but afterward removed into this State, and the former returned to Penn sylvania after a three years' residence here,—*Held*, that the statute of limitation ceased to run with the maker's return to Pennsylvania, and that this was so notwithstanding he frequently came back, and was openly in this State, with knowledge of the payee.

This was an appeal by the defendant from a judgment in favor of the plaintiff, upon trial by the court without a jury. The facts are stated in the opinion.

*E. A. Anderson,* for the apppellant.

*James G. Johnson,* for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

MULLIN, P. J. The plaintiff sues to recover the amount due on a note made at Bradford, in the State of Pennsylvania, by the defendant, payable to William Murray or bearer, one day

Murray *v.* Fisher.

after date, for the sum of ninety-four dollars, and dated the 5th day of October, 1852.   The defendant pleaded the statute of limitations.

When the note was made the parties resided in Pennsylvania; some three or four weeks thereafter the plaintiff's intestate removed into this State, and continued to reside here until his death.

About two years after the date of the note, defendant removed into this State and resided here three years.   The intestate knew of his residence in the State, having been frequently at defendant's house.

At the end of the three years defendant moved back to and resided in Pennsylvania, and from that time until the trial, was openly in this State to the knowledge of intestate as often as twice a week.

This action was commenced October 5, 1869.

The plaintiff was duly appointed administratrix of her husband's estate, and brings this action as such.

The court ordered judgment for the plaintiff for the amount of the note and interest.

Notwithstanding the contract was made in Pennsylvania, the statute of limitations of this State applies to it.   (Story on the Conflict of Laws, § 577; 4 Cow., 530, note 10; *Power* v. *Hathaway*, 43 Barb., 214; 3 Abb. Dig., 714, § 1.)

Section 100 of the Code provides that if when the cause of action accrues against any person, he shall be out of the State, such action may be commenced within the times herein respectively limited after the return of such person into the State, and if after such cause of action shall have accrued such person shall depart from and reside out of this State, or remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as a part of the time limited for the commencement of such actions.

The words "*or remain continuously absent therefrom for the space of one year or more,*" were inserted in the section, in 1867.

The statute did not begin to run against the demand until the defendant came into this State. (*Gans* v. *Frank*, 36 Barb., 320.)

Two years had run from the maturity of the note before defendant came into the State to reside.

By remaining in the State three years he was entitled to the benefit of that length of time toward the six years' bar.

At the expiration of the three years he removed from the State, and has resided out of it ever since. No part of the time that has elapsed since he removed into Pennsylvania to reside, can be allowed him as any part of the six years. The statute is peremptory, that when the debtor leaves after the cause of action accrues, no part of such non-residence shall be allowed him. (*McCord* v. *Woodhull*, 27 How. Pr. R., 54, and cases cited.)

Upon the evidence the action was not barred and the judgment must be affirmed.

Judgment affirmed.