## Case No. 6,547.

### HOBART et ux. v. UPTON.

[5 Chi. Leg. News, 97; 17 Int. Rev. Rec. 6.]

Circuit Court, D. Oregon.　Nov. 6, 1872.

STATUTE OF LIMITATIONS—ABSENCE FROM THE
STATE—SAVING CLAUSE.

The Oregon act of December 16, 1853 [Code Or. 1854, p. 372], provided that no action should be maintained by a ward to recover any estate sold by his guardian under that act, unless the same was commenced within five years after the termination of the guardianship; excepting only that persons out of the state when the cause of action accrued might sue within five years after their return to the state: *Held*, that the exception or saving clause applied as well to persons who were never in the state as to those who were temporarily absent from it.

In equity.

Benton Killin, for plaintiffs.
E. C. Bronaugh, for defendant.

DEADY, District Judge. This action was commenced July 31, 1872, and is brought to recover the possession of an undivided one-tenth of 318 37-100 acres of land lying in Washington county, and described as being the west half of donation claim number 41. The plaintiffs, W. W. Hobart and Marin Elliott his wife, allege in their complaint that they are citizens of Nevada, and that the said Marin Elliott is the owner in fee simple of said undivided interest, and entitled to the possession thereof. The defendant [Charles B. Upton], in his amended answer admits his possession of the premises, but denies the ownership of said Marin Elliott, or that she is entitled to the possession of the premises; and for a further plea or defense alleges that the only interest ever owned by said Marin Elliott in said premises descended to her from her father, John Elliott, before November 3, 1854, and that on said day all said interest was sold and conveyed by the guardian of said Marin Elliott to Theodore S. and Theodore B. Trevitt, under whom the defendant claims, for a valuable consideration in pursuance of the provisions of an act of the legislative assembly of the territory of Oregon, passed December 16, 1853, relating to the sale of lands of persons under guardianship; and that said Marin Elliott was at the date of such sale a minor and non-resident of the then territory, now state of Oregon, and ever has been such non-resident; "and that more than five years have expired since the termination of said guardianship." To this special plea there was a demurrer by the plaintiff.

The question raised by the demurrer turns upon the construction of section 19 of the act referred to in the plea, which reads:—"No action for the recovery of any estate, sold by a guardian under the provisions of this chapter, shall be maintained by the ward, or by any person claiming under him, unless it be commenced within five years next after the termination of the guardianship; excepting only that persons out of the territory, and minors and others under legal disability to sue at the time when the cause of action shall accrue, may commence their action at any time within five years next after the removal of the disability or after their return to the territory."

Before considering this question, it is proper to observe that this plea is liable to the objection that it anticipates and undertakes to state the plaintiff's reply to the limitation prescribed in the section in question. It should have stopped short with a statement of the facts showing that the premises had been sold at a guardian's sale under which defendant claimed, and that the action had not been commenced within five years after the termination of the guardianship. Then if the plaintiffs wished to avail themselves of the disability provided for in the exception to the act, they would reply and state that they were out of the country when the cause of action accrued, and that five years had not elapsed since their return, or that they had not returned at all. 1 Chit. Pl. 614; Bulger v. Roche, 11 Pick. 36. But as the facts are all stated in the answer, and the plaintiffs have accepted the pleading in this respect, by demurring to it as insufficient in law, I will consider the matter as if the case stood upon a replication alleging the plaintiff's disability and a demurrer thereto.

It is claimed on the part of the defendant that the exception to the general rule prescribed in the section does not include or apply to any one who never was a resident of the country, because such a person cannot ever be said in the language of the exception to return to the state or territory. The force of this argument rests solely upon the fact that in its primary and proper sense the word return does not describe the act of coming to the country for the first time. The argument also makes no account of the fact that the persons who are given five years to sue in "after their return to the territory," are first described in the exception simply as "persons out of the territory;" which phrase as well includes those who were never in the country as those who are temporarily absent from it. The statute of 21 Jac. I. contained an exception in favor of persons "beyond seas," so that such persons were given ten years in which to sue after "coming into the realm." In Strithorst v. Graeme, 3 Wils. 145, it was held that this exception applied to foreigners, and that the statute did not begin to run against them until they came into England. The exception in the statute of James as to persons "beyond seas," extended only to the case of plaintiffs. To remedy this, the statute of 4 & 5 Anne provided that if any persons against whom there is a cause of action, shall be "fallen or come beyond the seas," when such cause of action accrues, the plaintiff shall be at liberty to bring his action against such persons "after their return," within the same time as is limited for such action by the statute of James. The statute of limitations of

the state of New York contained this provision of the statute of Anne. In Ruggles v. Keeler, 3 Johns. 267, Kent, C. J., delivering the opinion of the court upon the construction to be given to the act in this respect, said: "Whether the defendant be a resident of this state, and only absent for a time, or whether he resides altogether out of the state, is immaterial. He is equally within the proviso. If the cause of action arose out of the state, it is sufficient to save the statute from running in favor of the party to be charged, until he comes within our jurisdiction. This has been the uniform construction of the English statutes, which also speak of the return from beyond seas of the party so absent. The word return has never been construed to confine the proviso to Englishmen, who went abroad occasionally. The exception has been considered as general, and extending equally to foreigners who reside always abroad." See, also, 5 Bac. Abr. 235. In Hall v. Little, 14 Mass. 203, the plaintiff was a foreigner who had never resided within the United States, and the court held that he was within the exception in favor of persons "beyond the seas," when the right of action accrued. In Wilson v. Appleton, 17 Mass. 181, the ruling in the last case was followed, and the court says: "That the word return cannot restrict the operation" (of the exception) "to those only who have been in the commonwealth, and have left it for temporary purpose." In Bulger v. Roche, 11 Pick. 39, the parties were both aliens and without the United States when the cause of action accrued. Shaw, C. J., in delivering the opinion of the court, says: "The statute itself provides that it shall not be understood to bar any person, beyond sea. * * * This proviso in terms excludes the operation of the statute in all cases, where the plaintiff is out of the commonwealth at the time the cause of action accrues, without distinguishing whether the plaintiff be a citizen or one who has formerly resided in the state and who is casually absent, or a foreigner who has never been within it." In Von Hemert v. Porter, 11 Metc. [Mass.] 215, the plaintiff was a foreigner who had never been within the United States, and it was held that the statute did not run against him, because he was within the words of the exception therein—"absent from the United States." These cases and others are cited and commented on in Ang. Lim. § 204 et seq., as establishing the doctrine that the saving of the right to sue to persons "beyond seas," "absent from the state," etc., until after they return, applies as well to persons who have never been in the country as to those who have.

In the light of these authorities and the uniform construction that has been given to similar language in other statutes, no other conclusion can be reached, than that the plaintiffs are entitled to five years after their return to the state, to bring this action,

whether they ever resided in it or not. They were "out of the territory" when the cause of action accrued, and are therefore within the purview of the exception or saving clause. The word return in like statutes having never been allowed to restrain or limit the saving clause to persons only temporarily out of the country, it ought not to be taken in that sense in the case before the court. In enacting the statute the legislature is presumed to have intended that the language of the exception should be taken and understood according to the long established construction in like case.

The demurrer is sustained.

[See Case No. 6,548.]

NOTE. In a similar action to recover possession of real property, brought [by Frederick Elliott against Charles B. Upton] to recover another undivided tenth of the premises described in the above opinion, the ruling of the court was the same. [Case not reported.]