J. B. McKEAN, CHIEF JUSTICE.
P. H. EMERSON, ASSOCIATE JUSTICE.
J. S. BOREMAN, ASSOCIATE JUSTICE.

## LEWIS BURNES, *Appellant, v.* JOHN K. CRANE, *et al., Respondents.*

STATUTE OF LIMITATIONS RAISED BY DEMURRER.—The defense of the Statute of Limitations may be taken advantage of by demurrer. (25 Cal. 80; 28 Cal. 106; 19 Cal. 476; 18 Cal. 67; 12 Cal. 311; 23 Cal. 16).

*Lex Fori.*—It is a well settled rule of law that in respect to the Statute of Limitations, that all suits must be brought within the period prescribed by the local laws of the country where the suit is brought, and this rule applies to contracts made beyond its political jurisdiction.

WHEN THE STATUTE RUNS IN FAVOR OF NON-RESIDENTS.—Under our Statute of Limitations, where the parties to a contract sued upon were non residents of the Territory at the time the contract was made, or when the cause of action accrued upon the same, but moved here after it accrued, the Statute does not begin to run against the cause of action until the parties come into the Territory.

CONSTRUCTION OF WORDS "DEPART" AND "RETURN."—The words "depart" and "return" used in our Statute, apply as well to persons coming from abroad as to citizens of the Territory going abroad for a temporary purpose, and then returning.

APPEAL from the Third District Court.

The facts appear in the opinion of the Court.

*W. C. Hall,* for Appellant, made the following points :

The intent of our Statute of Limitations plainly expressed, is that every creditor shall have four full years to sue in the Courts of this Territory, and that he shall not lose his demand except by such an omission as the Law deems voluntary, or negligent. Utah Statute Limitations, Sec. 15 and 23 ; Sec. 506, Utah Practice Act ; 5th Nev. R. 73 ; 20th. N. Y. Ap 223 ; 16 Cal. 95 ; 3 Foster R. 384, 6 ; 4 Gill Ill. R. 125 ; 24 Conn. R. 432 ; 15 Mo).

The 15th Section of the Limitation Act viewed in connection with the saving clause (23rd Sec.), clearly evinces an intention to except every case where the creditor is prevented from suing by the absence of the debtor from the Territory.

The expression "he is out of the Territory," and "resides out of the Territory," and "the time of his absence," have the same meaning ; they are correlative expressions. So that while the Defendants were not residents of this Territory they were out of same, or non-residents thereof, and accordingly until they became residents, the suspension of the operation of the Statute continued. (5 Denio. 535 ; 26 Barb. 215 ; 14 Pet. U. S. 141).

A person being at a place is *prima facie* evidence that he is domiciled there. (4th Barb. 519).

*J. C. Hemingray,* for Respondent.

No points on file.

EMERSON, J., delivered the opinion of the Court.

This suit was brought on the 2d day of May, 1874, upon a replevin bond, executed in the State of Kansas, and upon which a cause of action accrued on the 6th day of May, 1869.

The respondents were not residents of this Territory,

nor had they ever been, when the contract was made, or when the cause of action accrued, and they had not resided here four years when this suit was commenced, nor had it been four years since they first came into this Territory.

The Respondent, Crane, who is the only one of them that appeared, raised the defense of the Statute of Limitations by a demurrer to the complaint.

The demurrer was sustained and judgment given for the Respondent.

The appeal is from this judgment.

The defense of the Statute of Limitations may be taken advantage of by demurrer, if, as was done in this case, the Statute is distinctly stated in the demurrer.

The only question in the case is, whether the Appellant's demand is barred by our Statute of Limitations. By Section 15 of the Act of 1872, this class of actions is barred in four years.

It is a well settled rule of law, in respect to Statutes of Limitations, that all suits must be brought within the period prescribed by the local laws of the country where the suit is brought; and this applies to contracts made beyond its political jurisdiction, as well as to those made within it.

This being the well settled rule of law, this suit is barred by Section 15 of our Statute, unless the case falls within one of the exceptions of Section 23.

By the latter Section it is enacted that "If, where (when) the cause of action shall accrue against a person while he is out of the Territory, the action may be commenced within the term herein limited after his return to the Territory; and if after the cause of action shall have accrued he depart the Territory, the time of his absence shall not be part of the time limited for the commencement of the action."

The question is, are the Respondents, who had never been residents of the Territory when the cause of action accrued, within this exception; that is, whether the period of limitations commenced running prior to their

coming into this Territory? We are clearly of the opinion that it did not. And that, under our Statute, when the parties. to a contract sued upon were not residents of this Territory at the time the contract was made, or when the cause of action accrued upon it, and the party against whom the action is brought has moved here after it accrued, the Statute of Limitation does not begin to run against the cause of action until he comes to the Territory.

It was argued, that, by the words "return" and "depart" used in the Act, it is evident the Legislature intended to confine the exception to the inhabitants of the Territory.

We are of the opinion that the exception comprehends all persons who are without the Territory, and that the Statute will not begin to run until the Defendant is subject to process here. In other words, the Statute never runs in favor of non-residents. In this we are supported by an abundance of authorities, among which are the following: Dwight, admr. &c., *v.* Clark, 7 Mass. 515; Tagart, admr. &c., *v.* The State of Indiana, 15 Mo. 209; Carpenter *et al. v.* Wells *et al.,* 21 Barb. 593; Robinson *v.* Imperial Silver Mining Co., 5 Nev. 44; Bonifant *v.* Doniphan & Walker, 3 Kan. 26. In Palmer *v.* Shaw, 16 Cal. 96, the Supreme Court of California says: "It has been uniformly held, in the construction of Statutes similar to ours, that the word *return* applies as well to persons coming from abroad, as to citizens of the country going abroad for a temporary purpose and then returning."

Our Statute of Limitations, then, does not, from the facts admitted by the demurrer, afford the Respondents a bar to the Appellant's action. Sufficient time had not elapsed since the Respondents came to this Territory. It is clear, therefore, that the Court below erred in sustaining the demurrer and giving the Respondent judgment.

The judgment is reversed, and the Court below is directed to overrule the demurrer.

McKEAN, C. J., and BOREMAN, J., concurred.