## ROSALIE MAYER, RESPONDENT, *v.* MAX FRIEDMAN, APPELLANT.

*Statute of limitations — contract made out of the State — residence in State for period of limitation — must be proved.*

The complaint having alleged that the contract was made out of the State, *held*, that to avail himself of the statute of limitations as a defense, the defendant must show that he has resided in this State for six years before the commencement of the action.

APPEAL from a judgment recovered on the verdict of a jury.

The action was brought to recover for money lent in Philadelphia

in the year 1865. The defendant, among other defenses in his answer, set up the statute of limitations. No evidence was offered by the defendant on the trial, and the court directed a verdict for the plaintiff.

*Samuel J. Glassey*, for the appellant.

*James Barry*, for the respondent.

Daniels, J. :

The judgment was recovered for money loaned by the plaintiff to the defendant in the year 1865. By way of defense, the defendant relied upon the statute of limitations. But it was alleged in the complaint, and appeared by the evidence, that the money was loaned in the city of Philadelphia. The defendant averred in his answer, that he had resided in this State for more than six years before the commencement of this action ; but no proof of that fact was given upon the trial. From all that appeared in the case it could not be supposed that he had been in this State at any time, until the service of the summons upon him, by which the suit was commenced. And to establish his defense it was incumbent upon him to show that he had resided here for six years before that time, and that, he wholly failed to do. Without such proof the case was within the provision of the statute which declares that, "if when the cause of action shall accrue against any person he shall be out of the State, such action may be commenced within the terms herein respectively limited, after the return of such person into this State." (Code, § 100.) For it has been held to be applicable to causes of action arising in other States, when they become involved in suits prosecuted before the courts of this State. (*Carpenter* v. *Wells*, 21 Barb., 594 ; *Ruggles* v. *Keeler*, 3 Johns., 263 ; *Gans* v. *Frank*, 36 Barb., 320 ; *Power* v. *Hathaway*, 43 id., 214 ; *Olcott* v. *Tioga R. R. Co.*, 20 N. Y., 210.)

It could not be presumed in favor of the defense, that the defendant left Philadelphia, where he was at the time of the loan, and transferred his residence to this State, long enough before the suit was commenced to entitle him to the protection of the statute of limitations. The presumption, on the contrary, would be just the

other way, that he remained there until it appeared affirmatively that a change in his residence had actually taken place. And no change whatever appeared to have been made until the time when the summons was served upon him, which merely showed that he was then within this State. It could not be inferred from that fact that he had resided here for the period required by the statute, to enable him on that account to succeed in his defense. The judgment recovered against him should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.