## BROWN VS. BICKNELL.

1. STATUTE OF LIMITATIONS. A plea of the statute of limitations is a plea to the remedy ; the statute is a mere municipal regulation, formed upon local policy, and a foreign statute cannot be pleaded in our courts.

2. EXCEPTIONS TO THE STATUTE.—Where the debtor is out of the Territory at the time when the cause of action accrues, the suit may according to the 24th section of the statute of limitations, be maintained here within the time limited, after he comes into the Territory.

3. SAME.—Where the maker of a promissory note resided out of the Territory at the time when it became due, and afterward removed into the Territory, although the note had been due more than six years, it is not barred by the statute of limitations unless six years have elapsed since the maker came into the Territory before the commencement of the action ; but to prevent the statute from running in such case, the debtor must have been out of the Territory when the cause of action accrued.

ERROR to the District Court for *Rock* County.

*Brown* brought an action of assumpsit against *Bicknell*, upon the following promissory notes and drafts drawn in Providence, Rhode Island, viz. :

One note dated 15th February, 1833, due at six months ;

One dated 21st March, 1833, due at four months ;
One dated 18th May, 1833, due at four months ;
One dated 21st May, 1833, due at sixty days ;
One dated 22d June, 1833, due at sixty days ;

A draft accepted by defendant, dated 22d April, 1833, payable sixty days after date ;

A draft drawn by defendant, dated 7th June, 1833, payable on presentation.

The action was commenced in 1841. The defendant pleaded the general issue, and gave notice that the action was barred by the statute of limitations. From the bill of exceptions it appears that the notes and drafts sued on, were executed at Providence, in the State of Rhode Island, and that when they became due, the defendant was out of the Territory. It also appears that the defendant came into the Territory for the first time, in July, 1837, about four years before the commencement of the suit. On the trial, the court below instructed the jury, at the request of the defendant, that the 24th section of the act in relation to the time of commencing actions was not applicable to the case, and to disregard it. Under the instructions of the court, the jury returned a verdict in favor of the defendant. A motion was made for a new trial and overruled, and judgment rendered on the verdict.

*H. N. Wells*, for plaintiff in error, argued that the statute of Wisconsin was similar to those of New York and Massachusetts upon the same subject. The decisions of the courts of those States show conclusively, that under the facts of this case, the statute of limitations is no bar to the action. 2 Rev. Stat. N. Y. 225 ; Rev. Stat. Mass. 700, § 9 ; *Ruggles v. Keeler*, 3 Johns. 263 ; *Byrne v. Crowninshield*, 1 Pick. 263 ; *Dwight v. Clark*, 7 Mass. 515 ; *White v. Bailey*, 3 id. 217. See also Story's Conflict of Laws, 482, 488 ; *Bell v. Morrison*, 1 Pet. 351.

*Edward V. Whiton*, for defendant in error :

But for the exception in the 24th section of the act, the action would be clearly barred, and there would

be no controversy in the case. The principle sought to be established by the plaintiff will go thus far; a debt may be contracted abroad and become forever barred by the limitation of a foreign State, but if the debtor comes into the Territory at any remote period, the demand may be revived against him and recovered. We contend that the 24th section was intended to apply to contracts made in the Territory, or contracts made abroad in reference to the laws of the Territory to be here executed; and that this construction should be adopted by the court. The courts in modern times view statutes of limitations much more liberally than formerly, and they often regret the constructions given by the old decisions. *Bell v. Morrison*, 1 Pet. 360; *Ruggles v. Keeler*, 3 Johns. 265.

Our statute is not precisely the same as those of New York and Massachusetts, and this court is not bound by the decisions in those States. The statute of limitation is a local municipal regulation, founded upon the policy of the State, and the decisions upon it violate no principle of justice, however they may be given.

MILLER, J. The plaintiff in error brought suit against the defendant in error on certain promissory notes, in the district court for the county of Rock, dated at Providence, Rhode Island, on the 15th day of February, 1833, and to become due in six months thereafter; and it was made to appear by the pleadings and sustained by the evidence, that the defendant came into the Territory about four years before the time when the suit was brought. It was claimed on the part of the plaintiff, that, under the 24th section of the act concerning the time of commencing actions, which provides, that "if at the time when any cause of action mentioned in the act shall accrue against any person, he shall be out of the Territory, the action may be commenced within the time therein limited therefor, after such person shall come into the Territory," he was not barred of his re-

covery. It is very clear, that if it were not for this provision in the statute, this claim would have been barred in six years.

The plea of the statute of limitations is a plea to the remedy. 13 Pet. 329; 6 Wend. 475; 4 Cow. 528, 530; 1 Gallis. 371; 2 Mason, 351; 14 Pet. 141. A statute of limitation is a mere municipal regulation, founded upon local policy; and a foreign statute cannot be pleaded in our courts. 3 Johns. 263; 13 Pet. 312. The disability which entitles a party to the benefit of the above provision must exist when the right of action accrues; that is, when the right of action accrues the debtor must be out of the Territory. 5 Cow. 74; 14 Johns. 338; 9 Cow. 296; 5 id. 231; 4 id. 508; 2 id. 626; 17 Johns. 511. Under similar provisions in the statutes of limitation in force in the States of New York and Massachusetts, the courts of those States have decided, that in cases of debts accrued against persons out of those States, who afterward came into those States, the statute of limitations could not be pleaded in bar until the said debtors were in the said States for the term of six years. *Dwight v. Clark*, 7 Mass. 515; *White v. Bailey*, 3 id. 271; *Byrne v. Crowninshield*, 18 id. 263; 3 Johns. 263; Story's Conflict of Laws, 482 to 488; 1 Pick. 263. In the case of *Bulger v. Bache*, 11 Pick. 36, where a debt was contracted in a foreign country, between subjects thereof, who remained there until the debt became barred by the statute of limitations of such country, it was decided that the statute of limitations of Massachusetts could not be pleaded in bar to an action upon the debt, brought within six years after the parties came into that State.

The judgment of the district court of Rock county, which was in favor of the defendant, must be reversed.