Cunningham vs. Gallagher.

CUNNINGHAM vs. GALLAGHER.

*September 24 — October 14, 1884.*

PRACTICE.  *(1) Bill of exceptions: Presumption as to damages.  (2, 3) Rule as to opening and closing: Who has the affirmative.*

1. Where the bill of exceptions is not certified to contain all the evidence it will be presumed that the damages awarded are not excessive.
2. The rule determining which party is entitled to open and close the argument is a mere rule of practice and within the control of the courts.
3. When, in an action to recover unliquidated damages, the defendant confesses the cause of action and pleads in avoidance thereof, the affirmative is with the plaintiff and he is entitled (under Circuit Court Rule XXIII) to open and close the argument to the jury.

APPEAL from the Circuit Court for *Dane* County.

The action is for slander. The complaint charges, in the usual form, that, in the presence and hearing of divers other

persons, the defendant maliciously spoke of and concerning the plaintiff, certain false and defamatory words therein stated. The answer of the defendant admits the speaking of the words charged, but alleges that they were true. Also, that the defendant had good reason to believe and did believe they were true.

After the jury called to try the case were sworn, the defendant claimed that he had the affirmative of the issue, and was entitled to the opening and closing arguments. The court held otherwise.

The trial resulted in a verdict for plaintiff, assessing his damages at $500. A motion for a new trial was denied, and judgment for the plaintiff entered pursuant to the verdict. The defendant appeals from the judgment.

For the appellant there were briefs by *Brown & O'Connor*, and oral argument by *Mr. Brown*. To the point that under the pleadings the defendant had the affirmative of the issue, and was entitled to open and close, they cited: *Jackson v. Hesketh*, 2 Starke, 518; *Cooper v. Wakley*, 3 Carr. & P. 474; *Rogers v. Diamond*, 13 Ark. 479; *Caskey v. Lewis*, 15 B. Mon. 31; *Seavy v. Dearborn*, 19 N. H. 354; *McLees v. Felt*, 11 Ind. 218; *Heilman v. Shanklin*, 60 id. 424; *Ransone v. Christian*, 56 Ga. 354; *Moses v. Gatewood,* 5 Rich. Law, 234; *Tull v. David*, 27 Ind. 377; *Gaul v. Fleming*, 10 id. 253; *Goldsberry v. Stuteville*, 3 Bibb, 346; *M'Kenzie v. Milligan*, 1 Bay (S. C.), 248; *Kells v. Davis*, 57 Ill. 261; *Downey v. Day*, 4 Ind. 531; *Colwell v. Brower*, 75 Ill. 516; *Vance v. Vance*, 2 Met. (Ky.), 581; 2 Bradw. (Ill.), 48; *Davis v. Mason*, 4 Pick. 158.

*Rufus B. Smith*, for the respondent, argued, among other things, that the damages being unliquidated, the plaintiff was entitled to begin, citing: *Carter v. Jones*, 6 Carr. & P. 64; *Carter v. Jones*, 1 Moody & R. 281; *Atkinson v. Warne*, 6 Carr. & P. 687; *Absalom v. Beaumont*, 1 Moody & R. 441, note; *Hecker v. Hopkins*, 16 Abb. Pr. 301, note; *Opdyke v.*

*Weed,* 18 id. 223, note; *Fry v. Bennett,* 3 Bosw. 200–232; *Morris v. Lotan,* 1 Moody & R. 233; 1 Archb. Nisi Prius, 4; 3 Phillip's Ev. 647, note 342; 1 Greenl. on Ev. sec. 76; Best on the Right to Begin, 126, sec. 69; *Fry v. Bennett,* 28 N. Y. 324–329; *Wigglesworth v. Atkins,* 5 Cush. 212.

LYON, J. A reversal of the judgment is claimed on two grounds: (1) because the court denied the right of defendant's counsel to open and close the argument; and (2) because the court denied the motion for a new trial. The only ground upon which a new trial is claimed, is that the damages are excessive. Whether they are so or not we cannot determine on this appeal, for the reason that the bill of exceptions is not certified to contain all the testimony. In the absence of such a certificate we cannot review the evidence, but must presume that it supports the verdict. This rule is well settled in this state and elsewhere.

The question of the right of the defendant to the opening and closing arguments does not seem very important in this particular case, because it does not appear in the record before us that the case was argued to the jury. Neither does it appear that counsel for defendant abstained from arguing the case because of the ruling of the court adverse to his claim of right to open and close, or that, by reason of such ruling, he was constrained to consent to submit the case to the jury without argument. We cannot learn from the record that the ruling complained of had any influence upon the conduct of the trial, except it may have affected the order of proof. The plaintiff proved, in the first instance, the number of persons present when the alleged slanderous words were spoken, the pecuniary circumstances of the defendant, and, perhaps, other facts bearing upon the question of damages. Had the court sustained the claim of defendant that he held the affirmative of the issue, such testimony would probably have been given later in the trial. Error

cannot, in general, be assigned upon a ruling directing the order of proof. That is a matter resting in the sound discretion of the trial judge. It is difficult to perceive how the defendant could possibly have been prejudiced by the denial of his claim.

The question as to which of the parties in this action held the affirmative, within the meaning of Circuit Court Rule XXIII, has, however, been very fully and ably argued by counsel, and they have cited numerous cases bearing upon it. Inasmuch as the question may, and probably frequently does, arise in practice, we deem it proper to determine it here, although, for the reason just stated, it scarcely arises on this record. It was formerly held in England that in actions to recover unliquidated damages, if the defendant confessed the cause of action and set up matter in avoidance of it, he was entitled to open and close the argument, notwithstanding the burden still remained with the plaintiff to prove the facts upon which he relied to recover the damages he claimed. But the practical operation of this rule was so unsatisfactory that in 1833 the judges, by resolution, changed it, so that thereafter, in such cases, the plaintiff was, and still is, entitled to open and close. The rule is not a common law rule in that sense which requires an act of parliament or of the legislature to change it, but is merely a rule of practice within the control of the courts.

With us the practice is different in different states. Some of the courts have adopted the old English rule, and some the modern rule established by the resolution of the judges. In this state the practice has not been settled by this court, and we are at liberty to adopt either rule. We think the modern English rule is supported by the better reasons. It is difficult to understand how it can logically be said that the defendant has the affirmative of the issue in a given case, when proof is required of the plaintiff in the first instance to entitle him to the damages which he claims.

The amount of his damages remains in issue, even though the defendant confesses the cause of action upon which the claim for damages is founded, and the burden remains with the plaintiff to prove the facts connected with the cause of action which will enable the jury to determine whether he is entitled to the amount claimed.

For the reasons above suggested we hold that when, in an action to recover unliquidated damages, the defendant confesses the cause of action and pleads in avoidance thereof, the affirmative is with the plaintiff, and, under Circuit Court Rule XXIII, the latter is entitled to open and close the arguments to the jury.

The judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.