STUDEBAKER BROS. MANUFACTURING COMPANY, Respondent, vs. LANGSON and another, Appellants.

*December 13, 1894 — January 8, 1895.*

*Promissory notes: Evidence: Burden of proof: Amendment of pleading: Order of proof: Instructions to jury: Immaterial errors.*

1. In an action upon a promissory note, where defendants' signatures were not specifically denied, the production of the note by plaintiff, showing on its face that it had been signed by defendants and had become due and payable, was sufficient proof of its execution, that it had become due and payable, and that it had not been paid.

2. After the plaintiff, upon whom was the burden of proof, had rested, it was within the discretion of the trial court to refuse to permit defendants to amend their answer so as to change the burden of proof and give them the right to open and close.

Studebaker Bros. Mfg. Co. vs. Langson and another.

3. The order in which testimony shall be received is very much in the discretion of the trial court, and a departure from the general practice cannot be error where the party objecting is not injured thereby.
4. Errors in the charge to the jury which were not prejudicial to appellants will not work a reversal of the judgment.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

The action is brought to recover the balance due upon a promissory note executed to the plaintiff by the defendant *Rufus K. Langson,* and payment guarantied by *W. J. Langson,* for $103.80, on which there was an indorsement of $37.75. The answer was a general denial; also, the defense that the note had been procured from the defendants through fraud and misrepresentations, and wholly without consideration.

It appears by the evidence that in February, 1891, the defendant *Rufus K. Langson* was indebted to the plaintiff on a promissory note in the sum of $170; that *Langson* had delivered to plaintiff's agent two notes, secured by chattel mortgages, as security for his indebtedness; that one of the notes had been paid, reducing the debt to $70 or thereabouts; that there was a reckoning of all dealings between them, and the note in suit was given, payable on August 1, 1891. The previous note was not surrendered, but was retained by the plaintiff until the trial of this action. The plaintiff still retained the collateral note and mortgage which was unpaid. This mortgage was upon a span of mules. At the time the note in suit was given, the mules had been, in form, sold under the mortgage. But the party who had bid them in at the sale did not pay for them or take them away. They were left with the plaintiff's agent, who after a time resold them for $52, and brought a suit in the name of the plaintiff against the mortgagor for the balance of his note not paid by the proceeds of the sale of the mules. In

this action the plaintiff was defeated.  It deducted the costs of that suit, and the expenses of the keeping and sale of the mules, from the sum for which the mules were sold, and indorsed the remainder, $37.75, on the note in suit.  On the trial the defendant *Rufus K. Langson* claimed that the entire sum bid upon the mules on the first sale should have been applied upon his indebtedness, and that it would have entirely paid it.  He made also upon the trial the further inconsistent claim that, by the agreement on which the note in suit was given, he was to own the chattel mortgage and the mules, and that the new note was taken in full payment of the antecedent debt.

There was a verdict and judgment for the plaintiff for the full amount claimed.  From that judgment the defendants appeal.

For the appellants there was a brief by *Williams & May*, and oral argument by *A. B. May*.

For the respondent there was a brief by *Sylvester & Scheiber*, and oral argument by *F. Scheiber.*

NEWMAN, J.  The plaintiff introduced the note described in the complaint in evidence, and rested.  The defendants thereupon moved the court to direct a verdict for the defendants, on the ground that the plaintiff had not " shown that this note was payable and had not been paid in full."  The court refused to direct a verdict for the defendants.  This is the defendants' first alleged error.  It was no error.  The note, on its face, showed that it had been signed by the defendants (R. S. sec. 4192; *Neilson v. Schuckman*, 53 Wis. 638), and had become due and payable, and its production by the plaintiff was *prima facie* evidence that it had been delivered.  This sufficiently proved its execution and that it had become due and payable.  There was no presumption, either of law or of fact, that the note had been paid.  The presumption was that it had not been paid.  Payment is an

affirmative defense. It must be pleaded and proved. It cannot be proved under a general denial. Bliss, Code Pl. (3d ed.), §§ 357, 358, and notes; *Knapp v. Runals*, 37 Wis. 135.

After the motion to direct a verdict for the defendants had been refused, the defendants moved for leave to amend the answer by striking out the general denial. This change of issue was desired in order to give the defendants the opening and closing of the case. The court refused leave to so amend. This is the second alleged error. Whether the pleadings shall be amended upon the trial rests largely in the discretion of the trial court. It could not well be an abuse of such discretion to refuse an amendment for the purpose of taking the right to open and close from the plaintiff and giving it to the defendant, after the plaintiff — upon whom the burden of proof, as the issue had been formed, rested — had proved its case and rested.

The third alleged error is this: After the defendants had introduced their testimony and had rested, the court permitted the plaintiff to introduce the deposition of a witness. The objection was that the testimony supplied by the deposition was not properly rebuttal testimony, but was such as should have been introduced by the plaintiff in chief. The deposition related principally to the transaction of the taking of the new note, and to the sale of the mules and application of the proceeds. It was clearly rebutting testimony. It had relation only to the defendants' attempted defense. It had no bearing upon the plaintiff's case in chief. Besides, the order in which testimony shall be received is very much in the discretion of the trial court. Unless it shall appear that the party was injured by a departure from the general practice in that regard, there can be no error.

The defendant's fourth alleged error is in the instructions of the trial court to the jury. And, indeed, the charge

seems to have had little relation to the issues made by the pleadings. It must be borne in mind that the answer was a general denial, and a defense of fraud in the obtaining of the note, and a want of consideration for the note. The trial judge charged the jury, in effect, that the principal question in the case was whether, by the agreement of the parties, the note in suit was a settlement and discharge of the antecedent indebtedness of the defendant *Rufus K. Langson* to the plaintiff, or whether it was collateral thereto; that, if they found that the note was held by the plaintiff as collateral security, then the plaintiff could recover on it whatever sum was still owing to the plaintiff from *Rufus K. Langson;* that it was undisputed that the plaintiff's agent held the note and mortgage upon the mules as collateral security, and had the right to do what he did in attempting to collect that note; and that, in the absence of proof to the contrary, they should assume that the account which he had rendered for his services and expenses is correct. If, however, they should find that it was agreed between the defendant *Rufus K. Langson* and the plaintiff's agent that the indebtedness of *Rufus K. Langson* to the plaintiff was to be satisfied and discharged upon the delivery of this new note, indorsed by *W. J. Langson,* then there was a complete failure of consideration of the note, and the verdict should be for the defendant. It is not easy to apprehend the pertinence of these instructions to the issues made by the pleadings. The amount unpaid upon the note in suit was due to the plaintiff, whether it had been given as collateral security or as payment of the precedent debt. That whole question was entirely irrelevant to the issue. In any event, the plaintiff was entitled to recover, on this note, so much of *Rufus K. Langson's* debt as remained unpaid, and no defense of payment was made. And it is clear that, in case the note was taken as payment of the antecedent indebtedness, it was on as full and ample consideration as the ante-

cedent indebtedness itself. The antecedent indebtedness was its consideration. Besides, it gave an extension of time on the old debt, which alone was a sufficient consideration to support it. The question whether this new note was taken as collateral to, or as payment of, the antecedent debt, may have this scope. It seems to have no more. If it was taken as collateral, all moneys which were received from the sale of the mules should be applied to its payment. This, substantially, was done. If it was in payment of the antecedent debt, then the note, chattel mortgage, and mules became the property of *Rufus K. Langson*, as he claims. If they were *Langson's* property, the plaintiff's agent had no right to sell them. His sale of them without *Langson's* consent was a conversion. *Langson* might maintain an action of trover for their value. Perhaps this act of conversion by plaintiff's agent could be held to be plaintiff's act. But he could not counterclaim this right of action in tort against the plaintiff's cause of action on contract. He has not sought to do it. But he could waive the tort and claim the actual money which the plaintiff received for the mules as a proper counterclaim against the note. But he has not sought to do even that in this action. The plaintiff has, however, given him credit upon the note for all the net proceeds of such sale. The first sale failed for inability of the purchaser to pay the purchase money, and no money was derived from that sale. All this is clear, by the undisputed evidence. Such errors as may exist in the charge have worked no harm to the defendants.

It was not error to refuse a new trial. No errors are found such as should work a reversal of the case.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.