FALLON, Appellant, vs. VANDESAND, Respondent.

*April 20—September 29, 1908.*

*Gifts: Evidence: Declarations of donor: Promise to repay: Burden of proof: Payment: Instructions to jury: Immaterial error.*

1. In an action upon an alleged express contract by defendant to repay the amount of a surgeon's bill paid by plaintiff for an operation on his daughter, defendant's wife, a declaration by plaintiff, in conversation with a third person about ten days before the payment was made, that he was to pay for the operation because defendant had had expense enough, was admissible to show that the money was paid by plaintiff as a gift.

2. The burden of proof was upon the plaintiff in such case with reference to the request for the loan and the promise of repayment.

3. It was error in such case to instruct the jury that the burden was upon plaintiff to show that there had been no repayment, but there being no issue as to repayment raised by the pleadings or evidence, and no claim that the money had been repaid, the error was not prejudicial or material.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge.    *Affirmed.*

The cause was submitted for the appellant on the brief of *Fish & Storms,* and for the respondent on that of *Louis H. Rohr* and *Simmons, Nelson & Walker.*

For the appellant it was contended, *inter alia,* that the

court below erred in submitting to the jury the issue of pay-
ment, and further erred in placing the burden of proof as to
that issue upon the plaintiff.    *Kuenster v. Woodhouse,* 101
Wis. 216, 77 N. W. 165; *Knapp v. Runals,* 37 Wis. 135;
*Studebaker Bros. Mfg. Co. v. Langson,* 89 Wis. 200, 61 N.
W. 773.

Among other references upon the part of the respondent
were the following: 20 Cyc. 1222; *Pritchard v. Pritchard,*
69 Wis. 373, 34 N. W. 506; *Miller v. Clark,* 40 Fed. 15;
sec. 2829, Stats. (1898); *Schmeckpepper v. C. & N. W. R.
Co.* 116 Wis. 592, 93 N. W. 533; *Jackson v. State,* 91 Wis.
253, 64 N. W. 838; *Williams v. Hoehle,* 95 Wis. 510, 70 N.
W. 556; *Johnston v. C., St. P., M. & O. R. Co.* 130 Wis.
492, 110 N. W. 424; *Abbott v. Milwaukee L., H. & T. Co.*
126 Wis. 634, 106 N. W. 523.

The following opinion was filed May 8, 1908:

TIMLIN, J.   In this action to recover $200 for money
loaned, the jury returned a verdict for defendant.   Defend-
ant's wife was dangerously ill, a surgical operation was nec-
essary, and the plaintiff, her father, paid the surgeon's bill of
$200.   Plaintiff claimed an express contract on the part of
defendant to repay this sum, and the defendant contended
that the money was paid by the plaintiff as a gift or gratuity
for the benefit of his daughter.   The case was not presented
in the trial court nor in this court upon any claim that the
money so paid partook of the legal quality of necessaries fur-
nished to or for the defendant's wife.   But it is contended
that upon the issues as submitted the court erred in admit-
ting the testimony of one Reed regarding a conversation with
the plaintiff, had about ten days prior to the transaction in
question, in which conversation the plaintiff stated that he
was to pay for the operation because the defendant had had
expense enough.   We think the testimony was competent,
within the rule of authorities cited in 20 Cyc. 1222.

It is next contended that the court erred in its instructions to the jury.   The charge was in these words:

"If you are satisfied by a fair preponderance of all the credible evidence in the case that the plaintiff paid the money in question for the defendant, that the defendant promised to repay it on demand, that demand for repayment has been made and that repayment has not been made, you will return a verdict for the plaintiff.   If you are not so satisfied, you will return a verdict for the defendant.   As I said before, the burden rests upon the plaintiff to satisfy you as to the truth of his contention."

Under the theory upon which the case was tried and submitted by both parties it was not error to place the burden of proof upon the plaintiff with reference to the request for the loan and the promise of repayment.   It was error, however, to instruct the jury that the burden of proof was on the plaintiff to show that payment had not been made.   But there was no issue of payment raised by the pleadings or the evidence, and no claim that the money in question had been paid by the defendant or by any person for him.   Consequently the error last noticed was not prejudicial or material. Sec. 2829, Stats. (1898); *Studebaker Bros. Mfg. Co. v. Langson*, 89 Wis. 200, 61 N. W. 773; *Johnston v. C., St. P., M. & O. R. Co.* 130 Wis. 492, 110 N. W. 424.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied September 29, 1908.