CARMODY and others, Respondents, vs. KOLOCHESKI, Appellant.

*September 18—October 16, 1923.*

*Trial: Argument to jury: Right to open and close: Burden of proof: Prejudicial error.*

1. Defendant offered no evidence to rebut plaintiff's *prima facie* showing, and the court answered a question in the special verdict in favor of plaintiff, leaving the issue as to defendant's counterclaim to be answered by the jury.  Defendant was entitled to open and close the argument to the jury under Circuit Court Rule XXII, giving that right to the one having the affirmative of the issue.
2. While denial of the right to open and close is not necessarily prejudicial error, it may be such when the evidence is conflicting and the case is close.

APPEAL from a judgment of the circuit court for Brown county: HENRY GRAASS, Circuit Judge.  *Reversed.*

Action to recover the purchase price of goods sold to the defendant.  He put in a general denial and counterclaimed

for board furnished one of the plaintiffs, alleged by him to have been agreed to be paid for by the plaintiffs as partners, also for the price of a horse sold for the use of the partnership and for $25 paid to a partner, alleged to have been paid on the partnership account sued for.

Plaintiffs put in *prima facie* proof of the amount of their claim and rested. Defendant made no contest on plaintiffs' claim and introduced no evidence to rebut it. The contest was on the counterclaim alone. When the evidence was closed the court prepared a special verdict, the first question of which read:

"In what sum is the defendant indebted to the plaintiff for goods, wares, and merchandise sold him by the plaintiff? Answer (by the court). $1,022.69."

Then followed questions relating to the issues raised by the counterclaim. When the verdict was prepared by the court and announced to counsel the defendant requested that he be given the right to open and close, but the request was denied. The jury found against the defendant upon the principal issues of the counterclaim, and he appealed from a judgment entered upon the special verdict.

For the appellant there was a brief by *Kittell, Jaseph & Young* of Green Bay, and oral argument by *Lynn D. Jaseph*.

*W. E. Wagener* of Sturgeon Bay, for the respondents.

VINJE, C. J. The defendant raises a number of questions in his assignment of errors, but since there must be a reversal on one ground and since it is not likely that upon a new trial the other questions will arise, we deem it best not to discuss them, especially in view of the sharp conflict in the evidence upon every litigated question.

It is true, generally speaking, that the question as to who has the right to open and close is determined by the pleadings because the issues when the case goes to the jury usually correspond to the issues raised by the pleadings.

But such is not always the case, and Circuit Court Rule XXII provides that the party having the affirmative of the issue is entitled to open and close. In the present case there were two causes of action, one by the plaintiffs against the defendant and one by the defendant against the plaintiffs. The issues raised by plaintiffs' cause of action were fully disposed of by the court when it answered the first question of the special verdict. That left only the issues raised by the counterclaim, and as to all of those the burden of proof was upon the defendant, and the court so instructed the jury. When the trial court disposed of plaintiffs' cause of action in their favor the case stood in exactly the same condition as if the answer had been amended by striking out the general denial and their claim had been admitted by the answer. There was no longer any contention as to their cause of action and no burden rested upon them to convince the jury of any issuable fact.

Plaintiffs rely upon *Bannon v. Insurance Co. of North America,* 115 Wis. 250, 91 N. W. 666, and *Studebaker Bros. Mfg. Co. v. Langson,* 89 Wis. 200, 61 N. W. 773, where it is held that it was no abuse of discretion to refuse to allow the answer to be amended by striking out the general denials. In those cases the ruling was based upon the fact that the request to amend was made for the purpose of securing the right to open and close, and the trial court was of the opinion that such tactics were not fair to the plaintiffs, and the rulings were sustained by this court as not an abuse of discretion. We have no such case here. The court of its own motion decided plaintiffs' case and it did not go to the jury at all. In the cases referred to the plaintiff's case went to the jury. Here only the issues raised by the counterclaim went to the jury. The case comes under the rule announced in *Bonnell v. Jacobs,* 36 Wis. 59, where it was held that, there being no denial in the answer but only a counterclaim, the defendant had the right to open and close. The court said: "The issue which was tried was made upon the coun-

terclaim of the defendant, and is entirely independent of the cause of action stated in the complaint." It can make no difference whether plaintiff's cause of action is established by admission in the answer or by direction of the court. In either case it no longer presents an issue for trial. Where leave to withdraw a denial is refused an issue remains, as was the case in *Bannon v. Insurance Co. of North America,* 115 Wis. 250, 91 N. W. 666, and in *Studebaker Bros. Mfg. Co. v. Langson,* 89 Wis. 200, 61 N. W. 773. Or when the damages are unliquidated and the defendant confesses the cause of action but pleads in avoidance, there remains still the issue as to the amount of damages that should be assessed, and upon that issue the plaintiff has the burden of proof and consequently the right to open and close. Such was the case of *Cunningham v. Gallagher,* 61 Wis. 170, 20 N. W. 925, relied upon by plaintiffs.

A refusal by the trial court to permit the proper party to open and close is not necessarily prejudicial error. *Marshall v. American Exp. Co.* 7 Wis. 1; *Central Bank of Wisconsin v. St. John,* 17 Wis. 157; *Second Ward Sav. Bank v. Shakman,* 30 Wis. 333; *Parker v. Kelly,* 61 Wis. 552, 21 N. W. 539; *Bannon v. Insurance Co. of North America,* 115 Wis. 250, 91 N. W. 666. It must appear that the party erroneously denied such right has been prejudiced thereby. In the present case there was a sharp conflict in the evidence upon every disputed issue of the counterclaim, and it is strongly urged by the defendant that the verdict is perverse because at least as to some of the issues the jury found against the clear preponderance of the evidence. The right to open and close is a matter of substance and the advantage which it gives is properly placed with the party that has the burden of establishing his claims. Not only can the party who opens and closes in a large measure delimit the field of the debate, but he can also reply to his adversary and show to the jury the fallacy, if any, in his argument, and he has the opportunity of making the last strong impression upon

the minds of the jury.   One who is wrongfully deprived of such an advantage in a close case can properly be said to be prejudiced· thereby.   In the instant case the trial court set aside one answer of the jury because contrary to the great preponderance of the evidence.   The jury might well have answered other questions in favor of defendant upon sufficient evidence to sustain the answers.   So we conclude that defendant was prejudiced by the refusal of the court to per- mit him to open and close.

In some states it is held that a refusal to allow the proper party to open and close is *per se* reversible error.   See 38 Cyc. 1310, note 57, citing Georgia, Indiana, Kansas, Ken- tucky, Massachusetts, Nebraska, New Hampshire, New Jer- sey, New York, and Texas cases.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.